## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **TRAVIS X. CARR,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | **Civil No. TMD 15-685** |
| **v.** | * | |
| | * | |
| | * | |
| **CAROLYN W. COLVIN,** | * | |
| **Acting Commissioner of Social Security,** | * | |
| | * | |
| **Defendant.** | * | |

**\*\*\*\*\*\*\*\*\*\*\***

### MEMORANDUM

This matter is before the Court on Plaintiff's Amended Petition for Fees Under the Equal Access to Justice Act (the "EAJA") and Section 406(b) of the Social Security Act (ECF No. 30); Defendant's Opposition to Plaintiff's Petition for Fees Under the EAJA and Section 406(b) of the Social Security Act, as supplemented (ECF No. 32, 34); and Plaintiff's Reply to Defendant's Opposition to Plaintiff's Fee Requests and Response to Defendant's Supplement (ECF No. 33, 35). For the reasons stated below, Plaintiff's amended petition is **GRANTED IN PART** and **DENIED IN PART**.

Under the EAJA, a "prevailing party" in any civil action brought by or against the United States, "including proceedings for judicial review of agency action," is entitled to recover reasonable fees and expenses incurred in the proceeding. 28 U.S.C. § 2412(d)(1)(A). The prevailing party is not entitled to such fees and expenses, however, if the Court finds that the position of the United States was "substantially justified." *Id.* In this case, the parties agree that Plaintiff is a "prevailing party" entitled to attorney's fees under the EAJA, and the Government does not contest that the position of the United States was not "substantially justified." The

parties do dispute, however, the reasonableness of the number of hours of work claimed by Plaintiff's counsel.  In his amended EAJA petition and reply, Plaintiff claims that his counsel is entitled to a discounted award of $21,940.03 in compensation for 148.90 hours of attorney work, for 2.10 hours of paralegal work at a rate of $154 per hour in 2015, and for 2.83 hours of paralegal work at a rate of $157 per hour in 2016.  Defendant opposes Plaintiff's request, arguing that the total hours claimed by Plaintiff's counsel are excessive.  Defendant contends, among other things, that the time spent by Plaintiff's counsel preparing a response to Defendant's motion for summary judgment (or "reply brief") is excessive.  Defendant maintains that the Court instead should award attorney's fees in the amount of $7000.  In reply, Plaintiff contends that Defendant's proposal is "absurd" and "ridiculous."

> Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the "task of determining what fee is reasonable."  "A request for attorney's fees should not result in a second major litigation.  Ideally, of course, litigants will settle the amount of a fee."  However, "[w]here settlement is not possible, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended."  Counsel "should submit evidence supporting the hours worked," and exercise "'billing judgment'" with respect to hours worked.  "Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hyatt v. Barnhart*, 315 F.3d 239, 253-54 (4th Cir. 2002) (alteration in original) (citations omitted).  "The district court is accorded 'substantial discretion in fixing the amount of an EAJA award,' but is charged with the duty to ensure that the final award is reasonable."  *Id.* at 254 (citation omitted).  "In sum, the EAJA provides that attorneys for a prevailing party should be paid 'for all time reasonably expended on a matter,' but the EAJA should not 'produce windfalls to attorneys.'"  *Id.*

"Courts within this circuit have held . . . that in typical Social Security cases it is reasonable for an attorney to expend between twenty and forty hours."  *Roth v. Comm'r, Soc.*

*Sec.*, Civil Case No. SAG-14-62, 2015 WL 567168, at *3 (D. Md. Feb. 10, 2015) (citing cases and determining that spending 43.16 hours to prepare and draft plaintiff's motion for summary judgment was excessive).   On the other hand, "courts cannot drastically reduce awards simply because the attorney has requested compensation for more than forty hours or make reductions with a target number in mind." *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (per curiam).   Rather, courts "must explain why the amount of time requested for a particular task is too high.   Any other approach fails to give deference to the winning lawyer's professional judgment . . . ." *Id.*   The court in *Costa* found that the magistrate judge's reduction by nearly one-third of the hours requested by the plaintiff's counsel was improper because the magistrate judge merely found that the issues in the case were not novel or complex and that the brief was not very long. *Id.* at 1136-37.   The magistrate judge in that case also did not explain why the amount of time that he ultimately allotted to the plaintiff's counsel's preparation of supplemental and reply memoranda was reasonable. *Id.* at 1137.

Defendant maintains that the "heartland" of recent EAJA fee awards in this Court reflects cases involving no more than 21 expended hours.   "[A] comparison of raw numbers of hours is [not] helpful in determining whether the hours here were 'reasonably expended,'" however. *Tchemkou v. Mukasey*, 517 F.3d 506, 511 (7th Cir. 2008).   "If [Defendant] could show that the cases cited were similar to the present case with respect to volume of the background materials, the procedural nature of the case, and the number and complexity of the issues presented, its argument would carry more weight.   [Defendant], however, has offered no such comparison." *Id.*   Rather, Defendant contends that "rewarding an attorney for advancing (and repeating) numerous meritless arguments in briefing a routine-type case is inequitable."   ECF No. 32 at 6. Defendant points out that the Court remanded this case in light of one issue raised by Plaintiff

and thus declined to address the remainder of Plaintiff's arguments.  This Court previously has found that "[t]he number of issues raised in a case . . . is not equivalent to the number of meritorious issues in a case" and that it "is wary of creating an incentive to include frivolous arguments by basing the reasonableness of time expended by an attorney on the number of arguments raised." *Roth*, 2015 WL 567168, at *2.  However,

> [w]here a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified.  In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit.  Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee.  The result is what matters.

*Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S. Ct. 1933, 1940 (1983) (citation omitted).

On the other hand, [c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434, 103 S. Ct. at 1939-40.  The Court finds to be excessive the 56.11 hours claimed by Plaintiff's counsel for drafting and editing Plaintiff's twenty-five-page reply brief, which does not "justify such a significant time expenditure in comparison to other aspects of the litigation." *Moreland v. Astrue*, C/A No. 4:08-3902-CMC-TER, 2010 WL 2851119, at *4 (D.S.C. July 16, 2010).  Because the time expended on Plaintiff's reply brief is excessive in light of the issues raised, the Court finds that a 50% reduction is reasonable.  *See Williams v. Astrue*, No. 0:10-CV-00004-JMC, 2012 WL 6615130, at *3 (D.S.C. Dec. 19, 2012) (reducing amount of time awarded for reviewing, editing, and drafting reply brief by 50% because time spent was nearly as much time spent reading transcript and writing initial brief and because plaintiff's reply brief raised issues from its initial brief); *Reyna v. Astrue*, No. 1:09-CV-00719-SMS, 2011 WL 6100609, at *8 (E.D. Cal. Dec. 6, 2011) (reducing 24.5 hours billed by plaintiff's counsel to twelve hours for

preparing thirty-seven-page reply brief because "the reply brief is overlong and the amount of time spent preparing it is clearly excessive and unreasonable"); *Moreland*, 2010 WL 2851119, at *4 (reducing amount awarded for preparation of reply brief by 50% because legal issues raised in reply brief were not sufficiently complex to justify such significant time expenditure in comparison to other aspects of litigation).  In light of Plaintiff's counsel's hourly rate of $155.52 in January and February 2016 (ECF No. 30-3 at 7), the Court reduces Plaintiff's counsel's requested fee by $4363.11.

Plaintiff's counsel further claims 2.10 hours at a rate of $154 per hour in 2015 and 2.83 hours at a rate of $157 per hour in 2016 (a total of $767.71 for 4.93 hours) for paralegals to proofread, analyze, and edit Plaintiff's motions for summary judgment and EAJA fees. Plaintiff's counsel bases these hourly rates on a "USAO Atorney's Fees Matrix – 2015-2017" for the years 2015 and 2016, respectively.  Ex. C, ECF No. 30-4.  Although "tasks of a clerical nature are not compensable as attorney's fees," *Mobley v. Apfel*, 104 F. Supp. 2d 1357, 1360 (M.D. Fla. 2000), the EAJA's authorization "for reimbursement of attorneys fees includes authorization for reimbursement for work performed not only by attorneys but also by persons doing 'tasks traditionally performed by an attorney and for which the attorney would customarily charge the client,' regardless of whether a licensed attorney, paralegal, or law clerk performed them." *Priestley v. Astrue*, 651 F.3d 410, 416 (4th Cir. 2011) (quoting *Hyatt*, 315 F.3d at 255); *see Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581, 128 S. Ct. 2007, 2014 (2008) (holding that the term "attorneys fees" includes "fees for paralegal services").  The Court finds that these claimed hours at the claimed hourly rates are reasonable.  *See Richlin Sec. Serv. Co.*, 553 U.S. at 578-80, 128 S. Ct. at 2013 (holding that EAJA allows claimants to recover fees incurred for paralegal services based on market rates for such services, not their cost to attorneys); *Sprinkle v.*

*Colvin*, 777 F.3d 421, 427 (7th Cir. 2015).  Finally, the parties agree that, by having proceeded *in forma pauperis*, Plaintiff is not entitled to $350 in costs for a filing fee.  ECF Nos. 34, 35.

In sum,

> the specific purpose of the EAJA is to eliminate for the average person the financial disincentive to challenge unreasonable governmental actions.  The EAJA applies to a wide range of awards in which the cost of litigating fee disputes would equal or exceed the cost of litigating the merits of the claim. . . . The Government's general interest in protecting the federal fisc is subordinate to the specific statutory goals of encouraging private parties to vindicate their rights and "curbing excessive regulation and the unreasonable exercise of Government authority."

*Comm'r, INS v. Jean*, 496 U.S. 154, 163-65, 110 S. Ct. 2316, 2321-22 (1990) (footnotes and citation omitted).  In light of the circumstances of this case, the Court finds that an award of EAJA fees in the amount of $17,576.92 is reasonable.  However, because Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b) must be filed under Local Rule 109.2.c within thirty days of the date of the Notice of Award letter sent to a claimant and his attorney at the conclusion of the Social Security Administration's past-due benefit calculation, Plaintiff's request for § 406(b) fees is premature and thus **DENIED WITHOUT PREJUDICE**.  Thus, Plaintiff's Amended Petition for Fees Under the Equal Access to Justice Act and Section 406(b) of the Social Security Act (ECF No. 30) is **GRANTED IN PART** and **DENIED IN PART**.  A separate order shall issue.


Date: January 18, 2017                                    _____/s/_____
                                                          Thomas M. DiGirolamo
                                                          United States Magistrate Judge